# Reda *v.* Mayer China Co., Appellant.

*Negligence—Master and servant — Identity of employer — Evidence—Contributory negligence—Case for jury.*

1. In an action by a boy against a corporation to recover damages for personal injuries, where defendant denies that it was the employer of the plaintiff and claims that he was employed by a pieceworker in the company's employ, who paid the boy's wages,

a verdict and judgment for plaintiff will be sustained where the evidence is in effect that the boy applied to the defendant for employment, that the latter took the boy to a pieceworker known as a jiggerman; that the boy took his place as a helper of the jiggerman who paid him; that this was known to the superintendent; that the company exercised control over the plaintiff's work; that the tools and material used by plaintiff were owned by the company; and that the superintendent ordered the mill carpenter to make certain steps over which plaintiff tripped causing his injuries.

2. In such a case the questions of the defendant's negligence and plaintiff's contributory negligence were for the jury, where the evidence was conflicting as to whether or not the machinery was properly guarded, whether the place was a reasonably safe one for plaintiff to work, and whether plaintiff had observed due care in passing along a passageway where he was injured, and placing the steps at a point where he might trip over them.

Argued Oct. 9, 1918. Appeals, Nos. 6 and 7, Oct. T., 1918, by defendant, from judgment of C. P. Beaver Co., March T., 1916, No. 209, on verdict for plaintiff in case of Albert Reda, a minor, by his father and next friend, Pascal Reda, and Pascal Reda in his own right, v. Mayer China Company. Before STEWART, MOSCHZISKER, FRA-ZER, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BALDWIN, P. J.

The case turned on whether the plaintiff was employed by defendant, and whether the defendant was guilty of negligence, and whether plaintiff was guilty of contributory negligence.

Verdict and judgment for Pascal Reda for $2,000 and for Albert Reda for $7,250. Defendant appealed.

*Error assigned*, among others, was in refusing judgment for defendant n. o. v.

*Dan H. Stone*, with him *Hice, Morrison, Reader & May*, for appellant.

*Lawrence M. Sebring*, for appellee.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

The Mayer China Company, appellant, was engaged in the manufacture of chinaware at Beaver Falls, Pa. Albert Reda, one of the appellees, a minor, was employed in the plant of the China company several months before the accident which was the basis of this action. The superintendent of the appellant company was Hereford Hope; young Reda applied to him for work. Hope told the boy to come around about a week steadily and he would see whether he could get him a job. After about a week he told him that a jiggerman named Mike Blinn wanted a moldrunner and he took the boy to Blinn. Blinn and Hope talked the matter over and the boy was engaged and began work under the direction of Blinn, the jiggerman. Blinn worked under contract with the appellant company at piecework and was paid for his finished product. Under the arrangement made he was to pay the moldrunner. The duty of Albert Reda was to carry molds from the jiggerman to the stove room and place them upon shelves. In placing the molds upon these shelves he was obliged to use a set of movable steps which he carried from point to point as they were needed. It was also his duty to carry in white clay to be worked by the jiggerman. This clay he placed on the bench at which the jiggerman worked. Underneath the bench at which the jiggerman and another employee known as the batter-out-man worked was certain machinery. The machinery was enclosed under the table or bench upon which the work was done except a space about three feet wide. Reda in carrying clay to and from this bench had to pass around an open space in front of the moving machinery some three or four feet in width. Reda testified that Blinn had directed him to keep the movable steps to one side of the passageway when they were not needed. On the day of the accident Reda was coming down the narrow aisle approaching the bench with a heavy load of clay in his arms to deposit on the bench. His foot caught on the end of the movable

steps which were near the passageway. He was thrown forward and a little to one side into the revolving pulleys and belts under the bench. His right arm was caught in the belt and he then fell to the floor in front of the bench sustaining the injuries to his right arm which resulted in the suit for damages. The claim is made not only on behalf of the minor, Albert Reda, but on behalf of the father, Pascal Reda, in his own right. The verdict was in favor of the plaintiffs; and a motion for judgment non obstante veredicto was overruled by the court and this appeal was taken.

The first question which requires consideration is, was Reda an employee of the defendant company? There is no question that Reda was paid by Blinn, the jiggerman. Blinn was paid on the basis of piecework and out of his pay he paid Reda his daily wages. If the test of employment was to be the payment of wages and that alone, the appellant would be justified in contending that the appellee was not in its employ, but there are other circumstances connected with the employment which would permit the jury to infer and to find that the relation of master and servant existed between Reda and the appellant company. He applied to the superintendent of the company for work and was taken by him to the man who was doing the piece work and they together as testified by the plaintiff made the contract of employment. The superintendent of the company was at all times cognizant of the fact that Reda was thus employed. The company exercised supervision and control over the work that was done not only by Blinn but by Reda. The ownership and control of the tools and appliances and the premises on which the boy worked were all in the appellant company. The materials used in the manufacture and the finished product, part of which was the result of the work of defendant, were the property of the appellant company. The superintendent of the mill ordered the mill carpenter to make the very steps upon which the boy tripped causing the injury for

which damages were claimed.   Under these circumstances we cannot say that the court erred in holding that there was sufficient evidence that the relation of master and servant existed to justify the verdict.

The other questions involved, namely, the negligence of the appellant and the alleged contributory negligence of Reda, could only be properly determined by a jury. Whether or not the machinery was properly guarded so as to protect the plaintiff from accident and whether it was a reasonably safe place for an employee to work were under proper instructions of the court questions of fact.   It is also true that the alleged contributory negligence of the appellee, his failure to observe due care in passing along the passageway, his placing of the steps at a point where he might trip were all questions which the jury alone should solve.

The assignments of error are not sustained and the judgment is affirmed.